JACKSON *v.* STATE

BLACKMAN *v.* STATE

(Two Appeals in One Record)

[No. 132, September Term, 1960.]

*Decided February 8, 1961.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

*James H. Taylor,* with whom was *J. Franklyn Bourne* on the brief, for the appellants.

*William J. McCarthy, Assistant Attorney General,* with whom were *C. Ferdinand Sybert, Attorney General, Leonard T. Kardy, State's Attorney for Montgomery County,* and *Stuart H. Sweeney, Assistant State's Attorney,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

The trial court, sitting without a jury, found the appellants guilty of housebreaking and the larceny of a pink refrigerator from a newly constructed house. They first attacked the convictions on the ground that there was no proof of the corpus delicti in that there was no proof of the value of the refrigerator and no proof that it was taken without the owner's consent. Both contentions are without merit. The State put in evidence a bill of sale showing that the refrigerator had been purchased new for $478.60 a short time before the taking. There was testimony by the president of the corporate owner that it was "brand new" and a standard make (General Electric) of 15 cubic foot capacity. From this evidence the trial court could properly find, as he did, that the value of the refrigerator was more than $100.00. As to the taking, there was evidence that the refrigerator was installed in the premises, that a few days later a pane of glass and a door lock were broken, and that the refrigerator was missing. The loss was reported to the police and a new refrigerator purchased. The evidence of a breaking and taking was sufficient to rebut any inference of consent.

The main contention in the case is that statements by each of the defendants, admitting or confessing their participation in the crime, were inadmissible because of alleged gaps in the proof of the chain of custody. The State called seven Montgomery County police officers in this connection, all of whom testified that during their various contacts with the accused

at the time of and subsequent to the arrest no promises, threats, or inducements were made and that the statements were made voluntarily. Neither of the accused took the stand to deny this testimony, in whole or in part.

The State produced the officer who made the arrest at about 5:30 A. M. and the officers who took the accused to the station house at Silver Spring. There the accused were placed in separate rooms and intermittently interrogated, severally and jointly, until the statements were completed about 1:00 P. M. The State asserts that every officer who participated in or was present at the interrogations was produced, and there is no evidence to the contrary. There was testimony in general terms as to what officer or officers had custody of one or more of the accused during the whole period. But it is admitted that during the period in question two of the officers took Jackson to the scene of the alleged crime, and another officer took him to the place from which another refrigerator had been stolen. The contention seems to be that because it was not shown that a particular officer was in the presence of each of the accused during the periods between interrogations, there is a fatal gap in the chain. However, the State's proffer was to call those officers who had any contact with the accused. The appellants did not claim at the trial and do not now suggest that the State failed to call any officer or other person with whom they were in contact. The mere possibility that someone could have talked to them in the detention rooms while they were awaiting interrogation does not destroy the State's proof as to custody. *Glaros v. State,* 223 Md. 272, 278; *Midgett v. State,* 223 Md. 282, 300. Cf. *Jackson v. State,* 209 Md. 390, 394.

The contention that Jackson did not know to what he was confessing is simply not supported by the record. Although there was some confusion as to the color of the stolen refrigerator, this was cleared up, and there can be no doubt that the pink refrigerator had been installed in the premises which Jackson admitted entering with Blackman. We find no lack of legally sufficient evidence to support each conviction. Nor do we find any deprivation of constitutional rights in the alleged illegality of the arrests and subsequent detention. Cf.

*Wright v. State,* 222 Md. 242, 245, and *Driver v. State,* 201 Md. 25, 30. See also *Hall v. State,* 223 Md. 158, 171.

*Judgments affirmed, with costs.*