## ROBINSON *v.* STATE

[No. 266, September Term, 1960.]

*Decided May 8, 1961.*

The cause was argued before HENDERSON, HAMMOND, PRESCOTT, HORNEY and MARBURY, JJ.

Submitted on brief by *Charles P. Howard, Jr.,* for appellant.

*Thomas W. Jamison, III, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris* and *Julius A. Romano, State's Attorney* and *Assistant State's Attorney,* respectively, for Baltimore City, on the brief, for appellee.

Per Curiam.

The appellant, convicted by the court without a jury of robbery with a deadly weapon, challenges the sufficiency of the evidence and alleges error in the admission into evidence of certain oral confessions or admissions made by him.

Joe's Tavern was held up by four armed and masked men on December 29, 1959, and coins and currency were taken from the cash register. Officer Hartman, called to investigate a hold-up in progress, saw the defendant come out of the tavern. He had a "shiny object" in his hand resembling a gun, refused to stop on command, ran, and was shot by the officer. He continued to run into the cellarway of a house. He was apprehended in an adjoining cellar, where a search revealed a revolver and $2.50 in coins secreted. The prisoner was taken to University Hospital where he was treated for a slight gunshot wound. The arresting officer testified that he had no conversation with the accused. Prior to his discharge about two hours later, the accused was questioned by Sergeant Jasper, who testified Robinson told him he received the wound in attempting to escape from the robbery at Joe's Tavern. Sergeant Jasper testified that neither he nor anyone else in his presence made any threats or offered any promises or inducements to the accused to make the statement. Lieutenant Block came in about that time and testified that Robinson told him that he had "gotten into a little trouble with a couple of other men in a hold-up * * *" and that he had a gun but left it in a cellar. Later, when Robinson was taken to the station house, he refused to make or sign any further statements. Sergeant Andrews also testified that Robinson sent for him and told him, about three weeks later at the Baltimore City Jail, that he wished to implicate two other alleged

participants in the robbery, but the prisoner's statement could not be corroborated, and no further arrests were made.

The appellant now contends that these confessions or admissions were inadmissible because the State failed to meet the burden of proof that they were voluntary, citing *Jackson v. State,* 209 Md. 390, and *Kier v. State,* 213 Md. 556. Those cases are clearly distinguishable, for in them there was evidence of threats or intimidation which was virtually uncontradicted. In the instant case the accused took the stand, and at no time did he claim that any threats or promises were made. He admitted talking to Lieutenant Block and to Sergeant Jasper but denied making any admissions to them at all. Moreover, the record shows that no objections were made to the testimony of any of the officers on the ground that the confessions were involuntary. Cf. *Clay v. State,* 211 Md. 577, 586, and *Moyer v. State,* 225 Md. 156. See also *Jackson v. State,* 224 Md. 267, 270. But wholly apart from any question of concession or waiver, we think the testimony of Sergeant Jasper was sufficient to make out a *prima facie* case that the statements at the hospital were voluntary. The testimony of Sergeant Andrews was cumulative at best and inconsequential in nature. Even without his testimony there was ample evidence to support the finding of the trial judge. Cf. *Tasco v. State,* 223 Md. 503.

*Judgment affirmed.*