## MARKS *v.* STATE

[No. 44, September Term, 1962.]

*Decided November 26, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-SON, PRESCOTT, MARBURY and SYBERT, JJ.

*Thomas B. Yewell* for appellant.

*Loring E. Hawes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *William L. Kahler, State's Attorney for Prince George's County,* on the brief, for appellee.

MARBURY, J., delivered the opinion of the Court.

The appellant, Raymond C. Marks, was charged in indictment No. 4073 with assault with intent to "kill and murder", and assault and battery; and in indictment No. 4074 with assault with intent to maim, disfigure, and disable his six-year old son, Lance Preston Marks. He was tried simultaneously on both indictments in the Circuit Court for Prince George's County, by Judge Roscoe H. Parker, without a jury, found guilty on all three counts charged in the two indictments; and sentenced to ten years in the Maryland Penitentiary under the first count in indictment No. 4073, and a like sentence under indictment No. 4074, the sentences to run concurrently. On this appeal he contends that the trial judge committed reversible error in finding him guilty of assault with intent to maim, disfigure, and disable, and at the same time finding him guilty of "assault with intent to kill," since he was charged with both crimes as the result of the same set of facts. He claims that these two convictions were inconsistent, in that one necessarily excludes the other.

On September 30, 1961, the appellant was living with his wife and four children at Beltsville. On that morning he arose and prepared himself to go to a store with three of his children. His wife stated he told her to get out of bed or he would burn her alive, but he denied this. He had had two drinks earlier that morning. Later, after returning from the store, he was in the yard working on his automobile while his son, Lance, was standing nearby. Appellant stated he absent-mindedly applied

a lighted cigarette to a thread dangling from his son's shirt, the thread smouldered and went out, Lance stated he was going to tell his mother, went to the house, came back and told the appellant that his mother had made a derogatory remark about appellant.

According to appellant's testimony at this point he again absent-mindedly placed his lighted cigarette to the dangling thread on his son's shirt, the thread smouldered and appeared to go out, but as the boy started toward the house, approximately twenty feet away from the appellant, the shirt burst into flames. Lance ran into the house screaming, followed by the appellant who assisted his wife in extinguishing the flames and smearing butter on the burned area. This incident was witnessed by the appellant's twelve-year old daughter, who testified in court that she was on the other side of the yard burning rubbish when she saw her father stooping down in front of her brother with a match in his hand. She said her father "lit the shirttail to my brother's shirt * * * his shirt caught on fire and he started running into the house." As the boy was running into the house the flames got larger because the wind was blowing briskly. The daughter said she went into the house in time to see her mother pouring water over her brother and taking off his clothes.

When the appellant refused to take the boy to a hospital his wife took the other children to a park and then removed the burned boy from the house. A milkman drove them to an ambulance, which took them to a hospital. Lance was in the hospital for two and a half months where he had skin grafts and other treatment.

The appellant, at the trial, testified that he had no intention of burning his son, that the act was an absent-minded, careless one, and a tragic accident resulted. He denied using a lighted match to ignite the boy's shirt, and stated that it was ignited by his cigarette.

For the purposes of this appeal we shall assume, without deciding, that the verdicts were inconsistent. Apart from any matter of inconsistency, we find that Judge Parker's verdict finding the defendant guilty of "assault with intent to kill" was an improper verdict on the charge of assault with intent

to kill and murder in No. 4073. Consequently the sentence imposed thereunder was illegal, and under Maryland Rule 764 a may be corrected at any time. Code (1957), Article 27, § 12 is the statutory provision for the crime of assault with intent to murder. The form of the indictment used in this case conforms to usage employed by State's attorneys in this State for many years, Gould, *Criminal Pleading-Maryland* (1936), p. 161. Where a defendant is charged with assault with intent to murder, the words "kill and" are mere surplusage. The intent involved in such a case has been said by this Court to be the essence of the offense and that if the intent was carried out, the resulting crime would have had to be either first or second degree murder. *Davis v. State*, 204 Md. 44, 102 A. 2d 816. See also Hochheimer, *Criminal Law*, 2d Ed., § 262; and Clark and Marshall, *Crimes*, 6th Ed., § 10.17, p. 651. In Maryland there is no specific common law nor statutory crime of "assault with intent to kill," and the crime of assault with intent to murder is not one and the same offense. It has been recognized that assault with intent to murder involves the element of malice, leading to a charge of murder if death should ensue, as stated *supra*, whereas assault with intent to kill does not include the element of malice, leading to a charge of manslaughter if death were to result from the assault. Clark and Marshall, *Crimes, supra;* Hochheimer, *Criminal Law, supra,* p. 294. This distinction has been recognized in some states which have provided for the separate crime of assault with intent to commit manslaughter, *e. g.,* see *State v. Bunn* (Iowa), 190 N. W. 155. It is, therefore, apparent that when the trial judge found the appellant guilty of "assault with intent to kill" in indictment No. 4073, he found him guilty of a crime which was not known to the law of this State. It follows that the verdict and sentence were null and void.

Since under Maryland Rule 734 Judge Parker properly tried the indictments together and found appellant guilty under both the assault with intent to maim, etc., and assault and battery, which was the second count in indictment No. 4073, the simple assault being a lesser crime included in assault with intent to maim, etc., merged with the greater offense. The sentence of ten years was valid under indictment No. 4074, because we

find the evidence sufficient to support a verdict of guilty of assault with intent to maim. Although the judgment under the first count in indictment No. 4073 was null and void, we see no reason to remand for a new trial since the lower court sentenced the appellant to ten years in No. 4074 to run concurrently with No. 4073, under the same facts and circumstances.

*Judgment in No. 4073 reversed.*
*Judgment in No. 4074 affirmed.*