SHENBERGER *v.* STATE

[No. 257, September Term, 1963.]

364

*Decided April 9, 1964.*

The cause was argued before HENDERSON, HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Howard G. Reamer* for the appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *William S. Swisher, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

The only contention now made by the appellant is that the evidence was insufficient to permit an inference that the assault he made on his wife was with an intent to murder, the crime with which he was charged and of which Judge Sodaro, sitting without a jury, found him guilty.

There was testimony that appellant lured his estranged wife into the cellar of her home and then put a loaded gun, which he had bought the day before, at her ear, telling her that after he had used it on her he was going to turn it on himself. At this point a neighbor, who was returning shampoo she had borrowed from the wife, distracted the appellant and the wife was able to knock the gun from her husband's hand, whereupon, according to the wife, he hit her and kicked her and struggled with her in an effort "to point the gun back towards me."

If the trier of facts believed the facts to be as the wife and the neighbor said they were, as he seemingly did, he properly could have found that the pointing of the deadly weapon at the head and the expressed intention to kill, followed by the struggle to again point the gun at the wife established the necessary elements of the crime of assault with intent to murder. Had death ensued, the evidence would clearly have supported a finding of malice and of commission of the crime of murder. *Marks v. State*, 230 Md. 108, 112; *Beall v. State*, 203 Md. 380.

*Judgment affirmed.*