OAKLEY and SUMMERVILLE *v.* STATE

[No. 219-A, September Term, 1964.]

McKINNEY *v.* STATE

[No. 219-B, September Term, 1964.]

(Three Appeals in One Record)

*Decided March 8, 1965.*

The cause was argued before Prescott, C. J., and Hammond, Horney, Marbury and Sybert, JJ.

*John R. Hargrove,* with whom were *Howard & Hargrove* on the brief, for Jerome Oakley, one of the appellants.

*Morris Lee Kaplan,* with whom was *Michael Lee Kaplan* on the brief, for Arnold L. Summerville, another appellant.

*Howard M. Heneson,* with whom was *Roland Walker* on the brief, for Charles McKinney, Jr., the other appellant.

*Franklin Goldstein, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *David T. Mason, Assistant State's Attorney,* on the brief, for the appellee.

PRESCOTT, C. J., delivered the opinion of the Court.

These appeals involve three appellants, who were jointly indicted; but, upon a severance being granted to one, two were tried jointly and the other, alone, by the same judge, sitting without a jury, in the Criminal Court of Baltimore. The appeals are unusual to the extent that two of the appellants, although convicted of serious offenses, have raised no constitutional issues.

Jerome Oakley was convicted of murder in the first degree under Indictment No. 5254 (Hubert L. Cox, the victim), and of simple assault under the second count of Indictment No. 5255 (Wilbur Crawford, the victim). Although he noted an appeal from the assault conviction, he admits in this Court that he was guilty of this charge; hence Oakley's appeal is confined to the murder conviction. The only issue raised by him is his challenge of the sufficiency of the evidence to sustain the conviction.

Arnold L. Summerville, the other appellant who was tried jointly with Oakley, was also found guilty of murder in the first degree under Indictment No. 5254, and guilty of assault with intent to murder under the first count of Indictment No. 5255. He, too, questions the sufficiency of the evidence (in both convictions), and also claims the court was in error in admitting the "statement into evidence against him."

Charles McKinney, Jr., the third appellant, was, likewise, found guilty of murder in the first degree under Indictment No. 5254, and guilty generally (which amounted to assault with intent to murder) under Indictment No. 5255. He contends the evidence was insufficient to warrant his convictions.

The principal contention of all the appellants is that the evidence was insufficient to establish that Cox was killed in the perpetration of, or an attempt to perpetrate, a robbery. Code (1964 Supp.), Article 27, Section 410. The State counters by

stating that the testimony clearly impelled a finding that the killing was in the perpetration, or attempted perpetration, of a robbery; but, assuming that the testimony falls short of this goal, it establishes the guilt of the appellants of murder in the first degree under Code (1957), Article 27, Section 407.

Summerville and McKinney also challenge the sufficiency of the evidence to sustain the assault convictions, and Summerville contends the court erred in admitting into evidence a "statement" made by him.

## I

There was credible evidence from which the trial judge could have found the following facts. On October 13, 1963, Cox left his home in his wife's car at about 9:15 p.m., carrying a wallet which contained $5.00, a driver's license and a registration card. He went to the garage of Wilbur Crawford and picked him up. They went to a restaurant where Cox bought a sandwich, a bowl of soup, and a half of a pint of whiskey which was consumed by the two of them. They then went to Becky's Bar and parked the automobile. Cox entered the bar, while Crawford remained in the car because he was wearing his work clothes. Inside the bar were some 7 or 8 people: males and females. Some were seated at a table engaging in a card game. Cox did not speak to anyone, but approached the bar as though he intended to order a drink. Suddenly and without giving any warning, appellants Oakley and Charles McKinney "jumped right on him [Cox] and started hitting him * * *." They were soon joined in their attack by appellant Summerville. Both McKinney and Summerville had knives (one witness stated they "all" had knives), and were hitting and cutting him about the head and stabbing him in the chest and side. It was not long before Cox fell to the floor with his attackers on top of him. McKinney and Summerville "went through his pockets."

All of the attackers then left the bar, and shortly thereafter Oakley returned and he also "went through [Cox's] pockets." After leaving the bar and going outside, Oakley, Summerville and McKinney began to attack Crawford, who had been waiting in the automobile. Summerville entered the car and ordered Crawford "to empty [his] pockets," saying, "we have just killed your friend, I think, and you are next." After these brief and

alarming introductory remarks, Summerville started cutting Crawford across his face and the back of his neck. Summerville was accompanied at this time by Oakley and McKinney and one or two others. They "pushed" and "pulled" him out of the car and began kicking him. At the behest of one or more of the females who had been in the bar, the group ceased the attack on Crawford. As McKinney left the group, he was told by one of the females that Cox had been killed; whereupon he stated that "the son of a bitch should be dead."

Crawford was treated for cuts about his face and neck at the hospital, where stitches had to be taken. Dr. Sadano testified the cause of death of Cox was multiple stab wounds. And nothing was found in the pockets of Cox after the killing.

Practically all, if not all, of the evidence offered by appellants was the following. Oakley testified that he didn't participate or see the Cox affray; and, although he saw the fight outside, he took no part therein, and could not identify any of the participants. Summerville took the stand, stated he saw the Cox affair but neither he, Oakley, nor McKinney participated therein, and that when he went outside Crawford attacked him and he cut Crawford with his knife.

From the above statement of facts, it is clear that the evidence, even laying aside the State's claim that the evidence was sufficient to support a conviction under Section 407, was sufficient to sustain the convictions of all the defendants of first degree murder upon the ground that Cox was feloniously killed in the perpetration of, or an attempt to perpetrate, a robbery, and we so hold.

## II

We shall now consider the assault charges against Summerville and McKinney; they require no elaborate discussion. Both were convicted of assaulting Crawford intending to murder him. Assault with intent to murder is a statutory offense, Code (1957), Article 27, Section 12. The essence of the offense is intent, *Marks v. State,* 230 Md. 108, and since intent is subjective, and, without the assistance of the accused, cannot be objectively proven, its presence must be established by proven facts which permit a reasonable inference of its presence. *Cooper*

*v. State,* 220 Md. 183. We held in *Mason v. State,* 225 Md. 74, that stabbing a man with an eight-inch knife in a vital part of his body was sufficient to sustain a finding of guilt of assault with intent to murder. And we have repeatedly held that the offense involves the element of malice, and to support a finding of such offense, the facts must be such as to warrant a finding of murder, either in the first or second degree, had death ensued, although the specific intent to take the victim's life need not be shown. *Bird v. State,* 231 Md. 432, and cases therein cited.

In the case at bar, the evidence was ample to sustain the convictions. Crawford's assailants attacked him immediately after they had murdered his friend with the same weapons utilized to effect his friend's death and in the same general manner as they had approached and attacked the dead friend. They cut Crawford in and about vital parts of his body, and only desisted in their vicious attack after the entreaties of female bystanders to do so. These facts were sufficient to justify a permissible inference of an intent to kill, *Cooper v. State, Bird v. State,* both *supra,* and would have supported a finding of murder had Crawford's death followed.

Although the facts proven were probably sufficient to sustain a finding of attempted robbery with a dangerous weapon under Article 27, Section 488, the appellants cannot complain, where the facts plainly permit such a finding, that they were found guilty of a crime that carries a shorter maximum sentence than the one of which they might have been convicted.

### III

This leaves only the claim of Summerville that his "statement" was improperly admitted for our determination. The State readily admits, as indeed it must, that it has the burden of proving that either a confession or a statement made by an accused, in order to be admissible against him, was freely and voluntarily given and not as the result of force, threats, promises or inducements.

In the case at bar, Summerville took the stand to contest the voluntariness of his "statement." He alleged he was kept without shoes as a result of which he became cold, and that Sergeant

Roy hit him twice in the ribs. Lt. McKenna testified that Summerville gave the statement voluntarily and without any force, threats or violence by the police. Sergeant Roy testified that he at no time struck the appellant, nor did appellant make any complaint about a lack of shoes. In a trial before a court, sitting without a jury, it is a matter for the trial court to decide whether a statement was freely and voluntarily given, and its determination thereon will not be disturbed on appeal in the absence of a showing of an abuse of discretion. *Abbott v. State,* 231 Md. 462; *Bryant v. State,* 229 Md. 531. Here there was "contradiction—believable, persuasive contradiction—by the State of every significant claim of the [prisoner] that coercion or inducement or improper or harsh treatment had brought forth or significantly induced the" statement. *Mefford & Blackburn v. State,* 235 Md. 497, 514. We, therefore, hold that the trial judge committed no error in admitting the statement.

*Judgments and sentences affirmed.*