## CAMPBELL *v.* STATE

[No. 474, September Term, 1965.]

*Decided November 11, 1966.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER and BARNES, JJ.

*John K. Barbour, Jr.,* for the appellant.

*Alan M. Wilner, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Frank A. De-Costa, Jr., Assistant State's Attorney,* on the brief, for the appellee.

HAMMOND, C. J., delivered the opinion of the Court.

The appeal is from a judgment and sentence of two years for receiving stolen goods. The contentions put before us were all made at the request and insistence of the appellant, who says that (1) his trial was invalid because the Grand Jury which indicted him was forced to swear to a belief in God; (2) the trial and the "severe" sentence given to him at the age of sixteen were unfair (a) in light of the value of the stolen record player, and (b) because of his inability to prove payment for the record player; (3) his constitutional rights were violated because (a) he was not furnished a lawyer before he was questioned by the police, and (b) the person who told the police

that he had the record player was not at the trial; (4) the informer's prejudice against him made the conviction void; (5) he has new evidence; and (6) he was not formally advised by the court of the time he was to appear in court.

Appellant was indicted shortly before *Schowgurow v. State*, 240 Md. 121, was decided. He was tried some two weeks later, after his counsel had advised him that his indictment was defective and that he had a right to be reindicted by a constitutionally constituted Grand Jury. Appellant decided to proceed to trial on the original indictment. At the beginning of the trial, appellant's counsel explained for the record his advice to his client and the appellant's decision to proceed. Questions of appellant by Judge Jones made it plain that he was fully aware of the situation and of his rights on the point and that he knowingly and voluntarily waived them, as we have held can be done. *Smith v. State*, 240 Md. 464, 480.

Appellant was convicted of receiving a stolen record player on testimony that very soon after the theft the player was in his possession. In an effort to meet his burden of explaining this unfortunate fact, appellant testified that he innocently bought the player from an acquaintance who it would seem was a friend of the informer. The trial judge did not believe the explanation, we think justifiably, in light of the small price claimed to have been paid for the player in relation to its actual value, appellant's financial circumstances, and the lack of corroboration by the alleged seller. The sentence of two years was substantially less than the statutory maximum for the crime and appellant had been "in quite a bit of trouble," which Judge Jones found to show "a great deal of maturity in committing offenses." There was no unfairness in the trial or the sentence.

On the claim of prejudicial failure to provide counsel, appellant denied to the police that he had stolen the record player but said he took it to his dwelling where the police found it after he had bought it. He urges that this admission should not have been received in evidence because he did not have the advice of a lawyer before he made it. He does not claim that he ever asked for counsel or that the police affirmatively denied him the right to have counsel, or that the admission was in fact involuntary. At the times here involved the controlling

federal law was that of *Escobedo v. Illinois,* 378 U. S. 478, 12 L. Ed. 2d 977 (June 22, 1964). *Escobedo* made a confession inadmissible even though it was in fact voluntary if it was made after a lawyer had been requested and the request denied. *Miranda v. Arizona,* 384 U. S. 436, 16 L. Ed. 2d 694, 722 (June 13, 1966), extended *Escobedo* to a holding that "an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation * * *. As with the warnings of the right to remain silent and that anything stated can be used in evidence against him, this warning is an absolute prerequisite to interrogation" (persons not in custody or under restraint may be questioned, and volunteered statements or "blurts" are admissible).

In *Johnson v. New Jersey,* 384 U. S. 719, 16 L. Ed. 2d 882, 892, 893, the Supreme Court held that the rules of *Escobedo* and *Miranda* were not to be applied retroactively, the *Escobedo* holding being "available only to persons whose trials began after June 22, 1964, the date on which Escobedo was decided," and the extended *Miranda* guidelines being "available only to persons whose trials had not begun as of June 13, 1966" (the date *Miranda* was decided).

By reason of his failure to request counsel, appellant cannot bring himself under *Escobedo; Mefford and Blackburn v. State,* 235 Md. 497, *cert. denied,* 380 U. S. 937, and *Johnson v. New Jersey, supra;* and the *Miranda* guidelines do not apply to him since he was tried in 1965.

Appellant shared an apartment with the man who apparently told the police of the presence of the record player in the apartment and appellant knew he had been betrayed, as he saw it, to the police. Although no possible need to have the informer in court and no possible prejudice to appellant in his not having been there can be perceived or imagined, appellant could have brought in the informer had he desired to do so. There was no showing that the informer had "prejudice" against appellant and if he did, that of course would not of itself make the trial unfair or void.

Appellant's "new evidence" is, he admits, an alibi for the time of the housebreaking of the house from which the record player

was stolen. Judge Jones acquitted appellant of housebreaking.

Lack of prejudice to the appellant in not having been formally advised of the time of the trial by the court is obvious. His counsel did advise him of the time and most significantly the authorities saw that he was present, as must be clearly revealed by this appeal and the necessity for writing an opinion on largely frivolous points.

*Judgment affirmed.*