## AUGUSTUS WILLIE McFADDEN v. STATE OF MARYLAND

[No. 95, September Term, 1968.]

*Decided January 11, 1968.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Jack E. Richards* for appellant.

*Edward F. Borgerding, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Howard L. Cardin, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Augustus Willie McFadden, the appellant, was convicted in the Criminal Court of Baltimore, Judge Albert L. Sklar presid-

ing without a jury, of assault with intent to murder Sandy Faulk. He was originally indicted for murder, arson, and several other allied counts to all of which he entered pleas of not guilty and not guilty by reason of insanity. The plea of not guilty by reason of insanity was withdrawn prior to the trial. McFadden was sentenced to a term of four (4) years and on the recommendation of the psychiatrist who had examined him prior to trial McFadden was ordered to Patuxent Institution for determination of his status as a defective delinquent.

## I  Facts

At 10 A.M. on July 16, 1966, a fire occurred in the home of McFadden, 16 years of age, located at 538 Robert Street in the City of Baltimore. After the other occupants were shepherded to safety by his mother, McFadden refused to leave the house despite her entreaties. Sandy Faulk, a neighbor, observed the fire, entered the McFadden's home, and found McFadden sitting on a sofa in the living room. He informed McFadden that his house was on fire; who replied, "So what"; to which the witness replied, "If that is the way you feel about it, forget it". As Mr. Faulk turned to leave, he was stabbed in the back of the left shoulder by McFadden. Subsequently, Mr. Faulk was taken to Provident Hospital where three stitches were required to close his wound.

Lieutenant Roland M. Barthelmes of the Baltimore City Fire Department testified that upon responding to the alarm and entering the house, he was met by McFadden with two knives —one a butcher knife and the other a shorter knife. At first, McFadden refused to allow the firemen to go up the stairs to extinguish the fire because he wanted "to watch the fire burn." However, the lieutenant persuaded McFadden to allow the firemen to fight the fire. Thereafter, Officer John Carter of the Baltimore City Police Department arrived and found McFadden seated on the sofa in the living room. After being informed that the house was on fire, McFadden replied, "So what?" and then became belligerent. After he was subdued and removed from the premises by six police officers, Officer Carter recovered two knives, one from the sofa and the other from the mantle. Captain Charles S. Cornell of the Arson Division of the

Fire Department testified that his investigation revealed that there were three separate and distinct fires in the building and that the fires had been set. McFadden did not offer any evidence in his own behalf.

The only issue presented for our determination is whether or not there was sufficient evidence to support the conviction, particularly sufficient proof of an intention to murder.

McFadden contends the slight wound on the shoulder was not sufficient of itself on the facts of this case to show a specific intent to murder. The fallacy of this argument is that it presumes that a specific intent to murder is necessary for a conviction. Such is not the law. It is sufficient that there was an intention to commit grievous bodily harm. We cannot say that the trial judge was clearly in error under Maryland Rule 1086 when he found that a stab wound a few inches from the heart and lungs was sufficient to show the intent required by the statute, Maryland Code Art. 27, § 12 (1967 Repl. Vol.) The law in Maryland was carefully reviewed by the Court of Appeals in the case of *Tate v. State* (1964) 236 Md. 312, 203 A. 2d 882 at page 884:

> "Finally, the appellant contends that the verdict of the trial judge was against the "weight of the evidence" (Cf. Maryland Rule 886 a) in finding him guilty of assault with intent to murder. We find no merit in this. He argues that he had no intention of murdering Butler since he only shot him with one of seventeen bullets. This argument presumes that a specific intent to kill is necessary for his conviction. This Court has stated that the essence of the offense of assault with intent to murder is intent, so that if the intent is carried out, the resulting crime would have to be either first degree or second degree murder, had the victim died. *Marks v. State,* 230 Md. 108, 185 A. 2d 909. Specific intent to kill is not a necessary element for conviction of assault with intent to murder. The essential distinction between murder and manslaughter is the presence or absence of malice, which is the intentional doing of a wrongful act to another without

728

legal excuse or justification. The inference of malice may be drawn from the fact of the use of a deadly weapon directed at a vital part of the body. *Chisley v. State,* 202 Md. 87, 95 A. 2d 577. The law presumes that in the absence of justification, excuse or some circumstances of mitigation, all homicides are committed with malice and constitute murder. This presumption also applies to cases of assault with intent to commit murder. *Davis v. State,* 204 Md. 44, 102 A. 2d 816. Here the defendant testified that he intended to shoot the victim in the side and did in fact shoot him in the stomach. He intended and did commit grievous bodily harm, with no attendant circumstances of justification, excuse or mitigation. If the intent was to commit grievous bodily harm and death had occurred in consequence of the attack, then the offense would have been at least murder in the second degree. It was not necessary that a specific intent to take life be shown. *Webb v. State,* 201 Md. 158, 93 A. 2d 80; and in case of death not ensuing, it would be assault with intent to commit murder."

To the same effect see *Taylor v. State,* 238 Md. 424, 209 A. 2d 595 and *Oakley v. State,* 238 Md. 48, 207 A. 2d 472.

*Judgment affirmed.*