## LEE SANDERS MARSHALL v. STATE OF MARYLAND

[No. 256, September Term, 1967.]

*Decided April 18, 1968.*

The cause was argued before MURPHY, C. J., and MORTON, ORTH, and THOMPSON, JJ.

*Harvey Rosenberg* for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *Robert J. Woods, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

PER CURIAM.

The Appellant, Lee Sanders Marshall, was convicted of armed robbery by Judge Robert B. Mathias, sitting without a jury in the Circuit Court for Prince George's County, and sentenced to ten years in the Maryland Penitentiary.

The record indicates that on December 30, 1966, a delicatessen in Prince George's County was robbed by two men, one of whom carried a gun. The owner testified that while he and his wife were alone in the store, a man wearing large dark sunglasses and a small brimmed hat came into the delicatessen, pulled a gun and demanded the money in the cash register and the money in the owner's pockets. He stated that the gunman was accompanied by another man who wore a mask and held the store entrance door shut with his foot during the robbery. He stated that the Appellant was not one of the two men.

The principal witness for the State was Deputy Sheriff Edwin L. Sellers of Prince George's County who, on the evening in question, was driving past the delicatessen at the time the robbery occurred. Mr. Sellers testified that he observed a blue and white Pontiac automobile parked about one hundred feet from the delicatessen and further noticed two men leave the car, one wearing dark glasses and a hat pulled down almost over his forehead. Since it was 9:30 at night, the fact that the man

was wearing dark sunglasses with a hat pulled down on his forehead appeared to Mr. Sellers "as being something funny." As he drove past the Pontiac Mr. Sellers related that the man occupying the driver's seat "just turned around and kept watching me." Sellers then drove to the corner, made a U-turn and came back noting the license tag number of the automobile. As he slowly drove past the automobile the second time the driver again "kept watching me all the way until I got past the car." Sellers noted that the two men he had previously seen "were walking just a little past Rose's Delicatessen." Unable to make a U-turn because of icy conditions, Sellers went around the block and as he returned to the parked car it had begun to move with its doors open and the two persons he had previously noticed leaving the automobile were "running down the street and jumping in the automobile" which then took off "at a high rate of speed." Sellers attempted to give pursuit but was unable to do so because of the hazardous road conditions. He positively identified the Appellant as the driver of the getaway car, stating that he had gotten a good look at his face, taking particular note that he was wearing a diamond shaped goatee. He immediately broadcast a description of the individuals and the car over his police radio and later that same evening, identified a picture of the Appellant from among a group shown to him by the local police.

The Appellant testified in his own behalf, claiming that he was in a restaurant in the District of Columbia with his girl friend at the time of the robbery. He admitted that he was the owner of a blue and white Pontiac and that at the time of the robbery he wore a diamond shaped goatee. The Appellant's friend corroborated his alibi.

In rebuttal, the State produced Detective Everett Husk who testified that he was able to ascertain that the Appellant was the owner of a blue and white Pontiac with the same license tag number as was furnished by Mr. Sellers.

In this appeal, the Appellant contends that he was denied a fair trial and that the evidence was legally insufficient to sustain his conviction.

His asserted denial of a fair trial is based upon a remark by the presiding judge made while he was announcing his reasons

for the verdict. In assessing the testimony of Deputy Sheriff Sellers, the judge stated that "he is not a layman who is subject to making mistakes." The Appellant contends that this demonstrates a bias on the part of the judge in favor of law-enforcement officers to such an extent "as to deprive the Appellant of his right to a trial by an impartial and unbiased court." We disagree. It was, in our opinion, fair comment on the part of the judge and it was merely indicative of the weight he was attaching to the witness' testimony. It is the trial judge's function in a non-jury trial to weigh the evidence. *Dunlap v. State,* 1 Md. App. 444; *Sadler v. State,* 1 Md. App. 383; *Dortch and Garnett v. State,* 1 Md. App. 173. In our opinion, the statement indicated neither bias nor prejudice on the part of the trial judge.

Nor do we find any merit in the contention that the evidence was legally insufficient to sustain the conviction. The Deputy Sheriff positively identified the Appellant as the driver of the car which sped away from the scene of the robbery with passengers who fitted precisely the description of the holdup men who had just robbed the delicatessen. It is well settled that the identification of an accused by a single eyewitness is sufficient to support his conviction. *Crumb v. State,* 1 Md. App. 98; *McIntyre and Davis v. State,* 1 Md. App. 586; *Hutchinson v. State,* 1 Md. App. 362. Moreover, the trial judge, in this instance, was not required to believe the alibi testimony. *Logan v. State,* 1 Md. App. 213; *Thomas v. State,* 1 Md. App. 528.

It is the function of this Court in reviewing the sufficiency of the evidence in a non-jury case to determine whether the court below had sufficient evidence from which it could be fairly convinced beyond a reasonable doubt of the accused's guilt. *Sadler v. State, supra.* The verdict will not be set aside on the evidence unless clearly erroneous. Md. Rule 1086. Applying these principles to the case at bar, it is apparent that there was legally sufficient evidence to sustain the Appellant's conviction.

*Judgment affirmed.*