## WILBERT MORGAN, JR. *v.* STATE OF MARYLAND

[No. 342, September Term, 1967.]

352

*Decided June 10, 1968.*

The cause was argued before MURPHY, C. J., and MORTON, ORTH, and THOMPSON, JJ.

*Gilbert A. Hoffman* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Barry Frame, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Appellant was convicted by the court sitting without a jury of committing an assault with intent to murder Walter Dry and with assault upon Helen Dry, and sentenced to consecutive terms of ten years and four years on the respective charges. He contends on this appeal that the evidence was insufficient to support the conviction of assault with intent to murder, and that the fourteen-year sentence imposed upon him was cruel and unusual in the constitutional sense.

There was evidence showing that on May 1, 1967, appellant approached Walter Dry on the steps of the Dry home; that ap-

pellant was in a belligerent mood and brandished a pistol at Dry; that Mrs. Dry grabbed the gun away from appellant, after which Walter Dry chased appellant down the street; that appellant returned shortly thereafter with a pipe or stick in his hand, and told Walter Dry that he was going to hit him with it, but was again chased away; that appellant again returned to the Dry home with two companions and when Walter Dry opened the door, appellant fired three or four times at him; that although Walter Dry was only six or seven feet away from the appellant, he was not struck by any of the bullets; that appellant then left after the shooting, but returned with his companions after Walter Dry had left the house, at which time he struck Helen Dry, causing her to be hospitalized.

Appellant's contention that the evidence was insufficient to support his conviction of assault with intent to murder is based on the premise that in firing the bullets at Walter Dry, he was only trying to scare him; and that proof thereof is readily found in the fact that the prosecuting witness was not struck by any of the bullets. We see no merit in this contention. The essence of the offense of assault with intent to murder is intent, so that if the intent is carried out, the resulting crime would be either first or second degree murder, had the victim died. *Tate v. State,* 236 Md. 312. A specific intent to murder is not, however, necessary to sustain a conviction, it being sufficient if there was an intention to commit grievous bodily harm. *McFadden v. State,* 2 Md. App. 725; *Lawrence v. State,* 2 Md. App. 736. As the trier of fact was under no obligation to believe appellant's explanation of the incident, and as there was evidence from which the fact-finder could properly conclude that there was an intent to murder or to commit grievous bodily harm, we cannot say that the trier of fact was clearly in error under Maryland Rule 1086 in finding appellant guilty of the offense.

Nor do we find that the fourteen-year sentence imposed upon appellant was cruel and unusual. See *Washington v. State,* 2 Md. App. 633, and *Fisher v. State,* 1 Md. App. 505.

*Judgments affirmed.*