### ELMER TEGELER BITZER *v.* STATE OF MARYLAND

[No. 241, September Term, 1967.]

*Decided June 21, 1968.*

The cause was argued before MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*John W. Hessian, III,* and *Louis Peregoff* for appellant.

*Edward S. Digges, Special Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Clewell Howell, Jr., Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

The Appellant was found guilty of assault and battery and not guilty of assault with intent to rape in a non-jury trial in the Circuit Court for Baltimore County and sentenced to a term of five years.

The victim of the assault, a young school teacher, testified that during the afternoon of September 23, 1966, she was walking her two dogs along a public thoroughfare when an individual approached her on a motorbike, threw her to the ground, unzipped her slacks, but got up and left as a truck approached.

During the course of the trial, a detective of the Baltimore County Police Department was permitted, over objection, to testify that during an interview with the Appellant, an Air Force enlisted man, at Andrews Air Force Base, Maryland, he "advised us that he was the subject that we wanted for this offense." In this appeal, it is contended that the admission into evidence of this statement constituted reversible error since the State failed to establish that it was freely and voluntarily given by the Appellant.

Prior to relating the statement given by the Appellant, the detective testified that he and a fellow officer went to the Base and advised the Military Police of their desire to question the Appellant with respect to a crime committed in Baltimore County. The officers were referred to a civilian employee of the Office of Special Investigation who thereupon sent for the Appellant and the officers were permitted to interview him in pri-

vate. The detective asserted that he advised the Appellant that he was suspected of having committed the crime of attempted rape in Baltimore County on September 23, 1966, and "I read him his rights from the Miranda card that we are issued. * * * From this card, I read to the Defendant that he had the absolute right to remain silent. That anything he said would be used against him in a court of law. That he had a right to have an attorney before he was questioned, and present thereafter. If you cannot afford an attorney, one will be appointed for you by the Circuit Court for Baltimore County. On the back of the card I asked the following questions. 'Do you understand each of the rights that I have explained to you?' He advised me, yes. 'Having these rights in mind, do you wish to talk to us now?' He stated, yes. That is what I advised him."

Counsel for the Appellant then objected to the officer testifying as to the statement thereafter given by the Appellant. The ground for the objection was that the Appellant had not been advised by the military authorities of his rights under the Uniform Code of Military Justice. In furtherance of this ground of objection the Appellant was called to the stand for the limited purpose of testifying to the fact that no member of the military establishment had advised him that he "had a right to consult with the Staff Judge Advocate General" or had advised him that he "did not have to talk to any civilian [police] officers." The trial judge ruled that procedures required by the Uniform Code of Military Justice were not applicable to military personnel charged with a crime in Baltimore County and overruled the Appellant's objection. The officer was then permitted to state that the Appellant "advised us that he was the subject we wanted for this offense."

The Appellant has abandoned the ground of his objection to this testimony which he advanced in the lower court and now, for the first time, argues that although the *Miranda* warnings were given to the Appellant, the State failed to go further and establish formally "that no force or coercion was exercised by the officer obtaining the confession to cause the accused to confess" and that there was a failure to show that the statement was "not produced by inducements engendering either hope or fear." Thus, it is argued, the State failed to meet the burden

of proving that the statement by the Appellant was freely and voluntarily given.

In support of this contention the Appellant relies upon *Jackson v. State*, 209 Md. 390. We are of the opinion that his reliance upon *Jackson* is misplaced. In *Robinson v. State*, 225 Md. 300 a similar contention was advanced and in holding that Robinson's statements were admissible, the Court said at 302:

> "The Appellant now contends that these confessions or admissions were inadmissible because the State failed to meet the burden of proof that they were voluntary, citing *Jackson v. State*, 209 Md. 390, and *Kier v. State*, 213 Md. 556. Those cases are clearly distinguishable, for in them there was evidence of threats or intimidation which were virtually uncontradicted. In the instant case the accused took the stand, and at no time did he claim that any threats or promises were made. He admitted talking to Lieutenant Block and to Sergeant Jasper but denied making any admissions to them at all. Moreover, the record shows that no objections were made to the testimony of any of the officers on the ground that the confessions were involuntary. Cf. *Clay v. State*, 211 Md. 577, 586, and *Moyer v. State*, 225 Md. 156. See also *Jackson v. State*, 224 Md. 267, 270."

In the case at bar, the Appellant took the stand and at no time did he claim that any threats or promises were made. In fact, unlike Robinson, he did not even deny making the statement. Moreover, the record shows that no objection was made to its admission on the ground that it was not freely and voluntarily given or that the State had failed to lay a proper foundation for its admission. We think that the rationale of *Robinson, supra,* that such conduct constituted a concession or a waiver is sound and applicable to the particular factual situation presented in this case.

This same rationale appears to have motivated the holding in *Stewart v. State*, 232 Md. 318, where it was contended that an admission by an accused was inadmissible if the product of an illegal arrest. The Court found the statements there to be

in the nature of a confession and held that if they were otherwise voluntary, an illegal arrest did not invalidate their admissibility. In so holding, Judge Hammond (presently Chief Judge) pointed out that "There was no contention below and there is none here that Stewart's replies * * * were not made entirely voluntarily, or were improperly induced." It was held that since "the statements of Stewart were voluntarily made, without improper inducements, they were admissible in evidence against him."[1]

The Court of Appeals and this Court have held that where a confession or admission is admitted into evidence without objection, an objection cannot be made for the first time on appeal. *Tucker v. State,* 237 Md. 422, 425; *Kleinbart v. State,* 2 Md. App. 183, 209; *Gaudio and Bucci v. State,* 1 Md. App. 455, 462-463. In *Gaudio,* this Court, speaking through Judge Orth, stated:

> "* * * the admission was introduced in evidence without objection. The contention on appeal goes to the lack of the constitutionally required admonitions and not to the fact the admission, apart from this, was not voluntary. There was no allegation below nor on appeal that it was the product of force, violence, threats, inducements or promises. Since the appellants did not object to the introduction below on the ground that it was involuntarily made, the question is not properly before us. Maryland Rule 1085."

While it is true that the Appellant interposed an objection to the admission of his statement at the time it was offered in evidence, his objection was not based upon the involuntariness of the statement or the failure of the State to show that it was obtained as a result of improper inducements; it was, as indicated above, on another ground altogether, namely, that the Appellant had not been advised of his rights under the Uniform Code of Military Justice. We are of the opinion that the

1. The dissenting opinion by Judge Prescott (later Chief Judge) makes clear that the usual questions concerning threats, promises or inducements were not propounded by the State.

basis for the rule in *Tucker, Kleinbart* and *Gaudio* is equally applicable in the case at bar. Accordingly, the Appellant, having failed to object to the admission of his statement on the ground of involuntariness or improper inducements, cannot be heard to assert in this appeal, for the first time, that the State failed to meet its burden of proving the voluntariness of the statement or that it failed to lay a proper foundation for its admission.

In any event, it is for the trial court to determine whether a confession is freely and voluntarily given and its determination will not be disturbed on appeal in the absence of a showing that its discretion was abused. *Johnson v. State,* 1 Md. App. 217; *Harris v. State,* 1 Md. App. 318; *Thomas v. State,* 2 Md. App. 502. The Appellant did not contend below, nor does he contend in this Court, that the statement was, in fact, involuntarily given by him. Under the totality of circumstances here present, we find no abuse of the lower court's discretion in admitting the statement of the Appellant.

*Judgment affirmed.*