## MICHAEL JOSEPH PEREZ *v.* STATE OF MARYLAND

[No. 387, September Term, 1968.]

*Decided August 8, 1969.*

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Jack E. Richards* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, Charles
E. Moylan, Jr., State's Attorney for Baltimore City,* and
*David R. Eaton, Assistant State's Attorney for Baltimore
City,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

Appellant was convicted of assault with intent to mur-
der by Judge George D. Solter sitting without a jury in
the Criminal Court of Baltimore and sentenced to a term
of five years under the jurisdiction of the Department of
Correction.

The victim, John Papa, was the owner of a house oc-
cupied by himself, a Mr. and Mrs. Joseph Kelly who re-
sided on the second floor and the appellant who rented
two rooms on the first floor where the victim also resided.
At approximately 11:30 p.m. on the evening of Decem-
ber 4, according to the victim, he went down to the base-
ment of the building where his kitchen and bath were
located. After a short stay in the basement, he started
up the steps to the first floor when "Perez was hiding in

back of the steps. He came out. * * * I seen him when he come out. * * * And I start to holler before I know he is going to hurt me. I start to holler before they [he] grab me. So, he dragged me down to the concrete and he stabbed me in the neck. * * * And he pulled my shirt off from my pants and he stabbed me in the back. And I start hollering and hollered and hollered. And he presses his hand awful hard on my mouth and he said, 'Shut up you, damn you.' "

Sometime prior to the assault, Papa had sent an eviction notice to the appellant and immediately prior to the assault they had argued concerning the setting of a thermostat which was located in the appellant's apartment.

Joseph Kelly testified that he heard two screams at approximately 11:30 p.m. on December 4, 1967. He then ran down to the first floor and saw the appellant coming up the stairs from the basement. The appellant explained that Papa had fallen down the stairs. Kelly noticed that the victim was wedged between the wall and ladder alongside the steps and approximately three steps from the basement floor and was bleeding around the throat.

A portion of the victim's medical record admitted into evidence indicated that the victim had suffered multiple stab wounds in his neck and chest.

The appellant testified in his own behalf and denied that he had stabbed the victim, stating that he was in the home of a friend at the time of the assault. He admitted that he was carrying a "Scout" knife containing a two-inch blade at the time of the crime and that he had previously been convicted of assault.

Appellant first contends that the evidence is legally insufficient to sustain his conviction since "the State failed to prove that the appellant had an intention to commit grievous bodily harm to Mr. Papa." It is well settled that specific intent to kill is not a necessary element to sustain a conviction of assault with intent to murder. The conviction will be sustained if the evidence shows that the accused intended to commit grievous bodily harm up-

on the victim. *Tate v. State*, 236 Md. 312; *Lawrence v. State*, 2 Md. App. 736; *McFadden v. State*, 2 Md. App. 725. Intent, of course, is a subjective matter and may be proved by establishing facts which permit a reasonable inference that the accused intended the consequences of his acts. *Davis v. State*, 204 Md. 44. Here the evidence was clear that Papa sustained stab wounds about the neck and chest which are vital parts of the body and we cannot say that the trial court was clearly erroneous in giving credence to the victim's testimony that they were inflicted by the appellant. Md. Rule 1086. The lower court was not required to believe the appellant's alibi testimony, *Morgan v. State*, 4 Md. App. 351, and it is well settled that if the trier of facts believes the testimony of a single eyewitness to a crime or that of the victim of the crime, this is legally sufficient evidence to sustain the conviction. *Marshall v. State*, 3 Md. App. 715; *Crosby v. State*, 2 Md. App. 578.

The appellant next contends "that the best evidence rule requires that the State offer into evidence the original hospital records." It appears that in response to a subpoena by the State, The Johns Hopkins Hospital, where Papa was treated for the stab wounds, produced a microfilmed record, rather than the original. There was no equipment available to enable the court or counsel to view the microfilm at trial. Accordingly, a recess was ordered and counsel for the State and appellant were given an opportunity to arrange for a viewing of the record. When the trial was resumed, the State offered in evidence five pages of an approximate three-hundred page record. The court accepted only the page concerning Papa's treatment in the Emergency Room of the hospital. The court stated that the only medical issue involved in the case was whether the wounds sustained by Papa were "the result of a stabbing or as a result of a fall down the stairs and some contact, perhaps, with a jagged nail sticking out of the banister * * *." Since the one page record indicated that Papa was admitted to the hos-

pital Emergency Room within an hour after the crime was committed and that he was suffering from "multiple stab wounds of the neck and chest," this part of the record was germane and admissible. We agree with the trial judge and find no merit in appellant's assertion that the best evidence rule required the State to offer the original record. Md. Code, Art. 35, § 59, provides, in part:

> "Any writing or record, or a photostatic or photographic reproduction thereof, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of said act, transaction, occurrence or event, if made in the regular course of any business, and if it was the regular course of such business to make such memorandum or record, or photostatic or photographic reproduction thereof at the time of such act, transaction, occurrence or event or within a reasonable time thereafter, and photostatic or photographic reproductions of such admissible documents, photostated or photographed at a later time, shall likewise be admissible for such purpose if photostated or photographed in the regular course of business in good faith and without intent to defraud."

Thus, the statute expressly authorizes the use of the microfilmed record. See also, *Ferrier v. State,* 5 Md. App. 553.

Nor do we find any error, as argued by appellant, in admitting "into evidence anything less than the entire original-hospital records," for ordinarily there are a number of aspects of a hospital record which are inadmissible. See *Yellow Cab Co. v. Hicks,* 224 Md. 563; *Old v. Cooney Detection Agency,* 215 Md. 517; *Scott v. James Gibbons Co.,* 192 Md. 319; *James v. State,* 5 Md. App. 647; *Dubs v. State,* 2 Md. App. 524. Moreover, the appel-

lant was free to offer any parts of the hospital record which he believed to be germane and helpful to his defense. Under the circumstances of this case, we find no error in the method pursued by the trial judge in his consideration of the hospital record.

*Judgment affirmed.*