## DUFF *v.* STATE

[No. 330, September Term, 1961.]

*Decided June 15, 1962.*

The cause was submitted to BRUNE, C. J., and HAMMOND, PRESCOTT, HORNEY and SYBERT, JJ.

Submitted on brief by *Walter M. Baker,* for appellant.

Submitted on brief by *Thomas B. Finan, Attorney General,* and *Robert S. Bourbon, Assistant Attorney General,* and *J. Albert Roney, Jr., State's Attorney for Cecil County,* for appellee.

PER CURIAM.

A jury found appellant guilty under all three counts of two indictments, tried together, the first charging assault with

intent to murder and assault and battery, and the second, carrying a concealed weapon. He was sentenced generally to ten years in the Maryland Penitentiary upon the two counts of the first indictment. Sentence under the second indictment was suspended. In this appeal from both judgments the sole contention is that the sentence constituted cruel and unusual punishment in violation of the Eighth Amendment to the Federal Constitution and Articles 16 and 25 of the Maryland Declaration of Rights.

The record shows that after an altercation in which each pushed the other, appellant drew a pistol from his pocket and, while the unarmed victim was moving away from him, shot him twice in the arm and attempted to shoot him four more times, the cartridges misfiring.

Assault with intent to murder carries a possible sentence under Art. 27, § 12, Code (1957), of two to fifteen years, and assault and battery, a common-law offense, carries no specific penalty, but is subject to the limitation imposed by the prohibition against cruel and unusual punishment contained in the Maryland Declaration of Rights. *Burley v. State,* 226 Md. 94 (1961).

While appellant concedes that the sentence imposed is within the maximum provided by law, he argues that it is "out of line with sentences imposed in other similar cases." He referred us to no other cases, however. Without unnecessary elaboration, it has repeatedly been held by this Court that any sentence within the limit prescribed by law is valid and hence does not constitute cruel and unusual punishment in violation of constitutional protections, *Ridley v. State,* 228 Md. 281 (1962); *Martin v. State,* 227 Md. 407 (1962), even though more lenient sentences have been imposed in other cases involving the same charge. *Apple v. State,* 190 Md. 661 (1948).

*Judgments affirmed.*