## MORRISON *v.* STATE

[No. 233, September Term, 1963.]

*Decided March 9, 1964.*

The cause was argued before BRUNE, C. J., and HAMMOND, PRESCOTT, MARBURY and SYBERT, JJ.

*Morris Lee Kaplan,* with whom was *Michael Lee Kaplan* on the brief, for the appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell, State's Attorney for Baltimore City,* and *Frank Cannizzaro, Jr., Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

The appellant was convicted by the Criminal Court of Baltimore in a non-jury trial of assault with intent to murder his "lady friend" and sentenced to serve fifteen years in the penitentiary. In this appeal he raises three contentions, all without merit.

The appellant first urges that the verdict was "against the weight of the evidence" in that the lower court did not consider what he testified was his lack of intention to do bodily harm to the victim. In a statement given to the police the appellant said that he had hit and tripped the victim in an alley and, finding no policemen in sight, "what popped in my mind then was a good time to get rid of her and I kicked her about twice and hit her in the face with my fist about 5 times and * * * my hands were covered with blood." He further stated, "When I left there I was sure she was dead, I meant to get rid of her." After the assault, the appellant said, he went to the home of the victim's aunt and told her he had killed her niece. The brutality and severity of the beating were indicated by the fact that the victim was hospitalized for two and one-half months, had to be assisted to the witness stand at the trial, and could not remember any of the details of the attack. It is obvious that there was ample evidence of an intent to murder on the part of the appellant, and therefore the evidence was sufficient to support the conviction. Cf. *Veney v. State,* 227 Md. 608, 610-611.

The appellant next contends his sentence constituted cruel and unusual punishment in violation of his constitutional rights. However, Code (1957), Art. 27, Sec. 12, permits a sentence

of up to 15 years for assault with intent to murder and we have repeatedly held that any sentence within the limit prescribed by law is valid and does not constitute cruel and unusual punishment in violation of constitutional protections. *Duff v. State,* 229 Md. 126, and cases cited.

Finally, the appellant claims that his statement to the police was not freely and voluntarily given because he was intoxicated. Even if we assume, without deciding, that intoxication would render a confession involuntary (cf. *Bryant v. State,* 229 Md. 531), there was sufficient evidence to permit a finding that the appellant was not intoxicated at the time he gave his statement, and that it was knowingly and voluntarily made. The victim's aunt and several police officers testified that while the appellant had been drinking, he showed no signs of intoxication.

*Judgment affirmed.*