## DAVIS *v.* WARDEN OF MARYLAND PENITENTIARY

[App. No. 130, September Term, 1963.]

638

*Decided June 23, 1964.*

Before the entire Court.

BRUNE, C. J., delivered the opinion of the Court.

The applicant was tried in the Criminal Court of Baltimore before Judge Carter, sitting without a jury, and was convicted on two separate charges of robbery. In each case the victim was a cab driver. One robbery was committed with, and the other without, a deadly weapon. The applicant was sentenced to imprisonment for consecutive terms of ten years on the lesser offense and of twenty years on the greater. He did not appeal.

His petition under the Post Conviction Procedure Act alleged four grounds for relief: (1) denial of the equal protection of the laws; (2) conviction upon the uncorroborated testimony of the victims; (3) that other persons convicted of similar offenses received lesser sentences; and (4) that his prior criminal record was improperly admitted in evidence. Judge Cullen properly rejected them all.

As Judge Cullen pointed out, the substance of the applicant's first two contentions "is that the trial Judge believed the testimony of the prosecuting witnesses rather than the Petitioner and as a result thereof, he was denied equal protection." Such a

contention is without merit. The matter is merely one of credibility which goes to the sufficiency of the evidence and is not a ground for post conviction relief. *Fisher v. Warden,* 230 Md. 612, 614, 185 A. 2d 198; *Slater v. Warden,* 233 Md. 609, 195 A. 2d 675. Furthermore, since a victim is not an accomplice, his testimony does not require corroboration (*Basoff v. State,* 208 Md. 643, 654, 119 A. 2d 917; *Gregoire v. State,* 211 Md. 514, 128 A. 2d 243; *Seidman v. State,* 230 Md. 305, 318-22, 187 A. 2d 109); and identification by one eyewitness, if believed, is sufficient for conviction. *Coates v. State,* 232 Md. 72, 191 A. 2d 579.

Each of the sentences imposed upon the applicant was within the statutory limit and his third contention—alleged disparity between his sentences and those imposed upon others—affords no basis for post conviction relief. *Cothorn v. Warden,* 221 Md. 581, 155 A. 2d 652; *Ellinger v. Warden,* 224 Md. 648, 653, 167 A. 2d 334. See also *Apple v. State,* 190 Md. 661, 668, 59 A. 2d 509; *Duff v. State,* 229 Md. 126, 182 A. 2d 349; *Stevens v. State,* 232 Md. 33, 42-43, 192 A. 2d 73, cert. den. 375 U. S. 886. Cf. *Howard v. Fleming,* 191 U. S. 126, 135-36.

Assuming, without deciding, that the admission of the defendant's prior criminal record, if improper (his contention (4)), would be a ground for post conviction relief, there is nothing to show that its admission was improper. The applicant took the stand in his own defense, and a prior criminal record tending to impeach his credibility was therefore admissible. *Cousins v. State,* 230 Md. 2, 185 A. 2d 488; *Piles v. State,* 233 Md. 487, 197 A. 2d 238.

After his application was denied the applicant sought to expand or add to his claims. Claims first presented on application for leave to appeal are not properly before us for consideration. *Lomax v. Warden,* 232 Md. 657, 194 A. 2d 269. This applies to the charge now sought to be added to the contention that the past criminal record was not admissible, that the record was false. This addition seems an obvious afterthought. If it had any foundation, it was as well known to the applicant when he filed his petition as after his petition had been dismissed, and no reason is shown for not asserting it in the first place.

He also added claims that at his trial the judge, the State's attorney, and his court appointed counsel suppressed evidence in his favor, and asserts that his trial counsel was incompetent. He adds a similar charge that the post conviction court refused to summon witnesses to present this evidence. It does not appear that any of these matters were urged upon the trial judge in the post conviction proceedings until after the applicant's petition had been dismissed and he sought to have the case reopened. It therefore seems that they were raised too late; but even if they were properly before us, we find no merit in them. In essence they boil down to a claim that one of the cab driver victims testified that the applicant fled through a hospital and caused fear and confusion among persons there present. The applicant's claim that evidence was suppressed is based upon his assertion that neither at his trial nor in the post conviction proceedings were witnesses summoned from the hospital personnel to contradict the cab driver. As well as we can make out, the contradiction was to be with regard to the speed with which the applicant was moving and the causing of fear and confusion. This, the applicant claims, would have proved the cab driver untruthful and discredited his testimony. He claims that his trial counsel refused to summon witnesses to offer such testimony and that because of not having their testimony he had to take the stand in his own defense. We have not had his testimony transcribed, but we have ascertained from inquiry of the court stenographer that the appellant's testimony did not deal with this matter.

Even apart from that information, we think that the testimony which the applicant says could have been obtained would have been of no real relevance either on the question of guilt or innocence or as a means of impeaching the testimony of the witness. (As a matter of trial tactics it would seem that it might well have proved to be a boomerang.) At all events we see no indication of any suppression of evidence by the State or of incompetence of counsel in connection with this matter.

*Application denied.*