# JAMES O. BROOKS *v.* WARDEN, MARYLAND PENITENTIARY

[No. 6, Initial Term, 1967.]

*Decided February 2, 1967.*

Before Anderson, Morton, Orth and Thompson, JJ.

Morton, J., delivered the opinion of the Court.

This is an application for leave to appeal from a denial of post conviction relief by Judge Charles D. Harris in the Criminal Court of Baltimore on January 17, 1966.

Applicant, represented by Court appointed counsel, pleaded guilty on January 17, 1949 to four indictments of robbery with a deadly weapon and was sentenced to four consecutive twenty year terms in the Maryland State Penitentiary. No appeal was taken from the conviction and sentence.

Applicant's petition under the Post Conviction Procedure Act was filed on December 7, 1965. Counsel was appointed to represent him and a hearing was held on January 4, 1966. At that time, applicant advanced but one contention, viz.:

> "* * * that it was impossible for him to have received the fair and impartial trial to which he was entitled under the then existing circumstances and over which he had absolutely no control; that, as a result he was denied due process of law within the meaning of the Fourteenth Amendment to the United States Constitution."

At the hearing before Judge Harris, petitioner affirmed the fact that his guilty pleas were voluntarily made and that he understood what he was doing when he entered such pleas. He further testified that his real purpose in initiating his action for post conviction relief was to obtain a reduction in his eighty year sentence.

It is, of course, well settled that a guilty plea, freely and intelligently made, operates of itself as a conviction of the highest order and constitutes a waiver of all nonjurisdictional defects, and Judge Harris so held in denying the petition. See *Frazier v. Warden,* 243 Md. 676 (1966); *Treadway v. War-*

*den,* 243 Md. 680 (1966) ; *Campbell v. Warden,* 240 Md. 729 (1965). Equally well settled is the fact that where the sentence imposed by the court was within statutory limits, it is not a matter for review under the Act. *Nash v. Warden,* 243 Md. 700 (1966) ; *Davis v. Warden,* 235 Md. 637 (1964).

In his memorandum in support of his application for leave to appeal, the applicant suggests that while the consecutive sentences may not have been unlawful, combined they were grossly and inordinately disproportionate to the offenses committed, and hence excessive, cruel and unusual as to be in violation of the Maryland Declaration of Rights and the Eighth Amendment to the Federal Constitution. In *Mitchell v. State,* 82 Md. 527 (1896) it was held that where the punishment is grossly disproportionate to the offense so that the sentence is evidently dictated not by a sense of public duty, but by passion, prejudice, ill-will or any other unworthy motive, the judgment ought to be reversed and the cause remanded for a more just sentence. Although *Mitchell* continues to be the law of Maryland, applicant does not seriously contend that the trial judge, in passing sentence, was actuated by prejudice or similar improper motive. While this contention is not properly before us, not having been directly raised below, nevertheless we find nothing in the record before us to indicate that the sentence in question was in any manner unconstitutional. See *Roberts v. Warden,* 242 Md. 459 (1966) and *Gleaton v. State,* 235 Md. 271 (1964).

*Application denied.*