CHARLIE LAWRENCE *v.* STATE OF
MARYLAND

[No. 128, September Term, 1967.]

*Decided January 15, 1968.*

The cause was submitted to MURPHY, C. J., and ANDER-SON, MORTON, ORTH, and THOMPSON, JJ.

*Henry P. Walters* for appellant.

*William E. Brannan, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *John L. Sanford, Jr., State's Attorney for Worcester County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Charlie Lawrence, the appellant, was convicted in the Circuit Court for Worcester County, Judge Daniel T. Prettyman presiding without a jury, under two indictments which charged him with assault with intent to murder Norman Short and Frederick Jarman respectively. Lawrence was sentenced to two fifteen (15) year concurrent sentences.

On November 5, 1966, Charlie Lawrence, visited a tavern in the vicinity of Berlin, Maryland. He had a beer but testified he was not drunk. For some reason he carried a loaded pistol with

him to the tavern even though he admitted he had no particular need for a pistol.

An argument started in the tavern but Lawrence was not involved in this altercation. The owner of the tavern, Mr. James Ayers, was in an argument with someone else.

A witness, Sylvester Briddell, testified that he was in the tavern with Norman Short and Frederick Jarman, the victims, and two ladies, one of whom was Jarman's wife. Jarman was shot first and Short asked Lawrence "why did you shoot my friend?" Whereupon Lawrence shot Short. Briddell testified these events took place at the front entrance of the tavern and that Norman Short had made no attempt to assault Lawrence, and had nothing in his hand. Briddell then asked Lawrence why he had shot Briddell's friend; whereupon Lawrence pointed the pistol at him, but Briddell ran, hiding behind a gas tank. Other witnesses supported Briddell's version of the incident. Dr. Richard Hughes testified that Short and Jarman were both admitted to the accident room of the Peninsula General Hospital. Jarman, a soldier on leave from Vietnam, had a .22 Cal. gunshot wound in his chest and Short had a gunshot wound of the genital organ and right thigh.

Lawrence claimed that when the argument started, the victims were at the door blocking his way and that one of them approached him with a knife and he shot him.

Lawrence contends there was not a sufficient showing of his specific intent to murder. The fallacy of this argument is that it presumes that a specific intent to murder is necessary for a conviction. Such is not the law. It is sufficient if there was an intention to commit grievous bodily harm. We cannot say that the trial judge was clearly in error under Maryland Rule 1086 when he found that these bullet wounds were sufficient to show the intent required by the statute, Maryland Code, Art. 27, § 12 (1967 Repl. Vol.). The law in Maryland was carefully reviewed by the Court of Appeals in the case of *Tate v. State* (1964), 236 Md. 312, 203 A. 2d 882 at page 884:

> "Finally, the appellant contends that the verdict of the trial judge was against the "weight of the evidence" (Cf. Maryland Rule 886 a) in finding him

guilty of assault with intent to murder. We find no merit in this. He argues that he had no intention of murdering Butler since he only shot him with one of seventeen bullets. This argument presumes that a specific intent to kill is necessary for his conviction. This Court has stated that the essence of the offense of assault with intent to murder is intent, so that if the intent is carried out, the resulting crime would have to be either first degree or second degree murder, had the victim died. *Marks v. State,* 230 Md. 108, 185 A. 2d 909. Specific intent to kill is not a necessary element for conviction of assault with intent to murder. The essential distinction between murder and manslaughter is the presence or absence of malice, which is the intentional doing of a wrongful act to another without legal excuse or justification. The inference of malice may be drawn from the fact of the use of a deadly weapon directed at a vital part of the body. *Chisley v. State,* 202 Md. 87, 95 A. 2d 577. The law presumes that in the absence of justification, excuse or some circumstances of mitigation, all homicides are committed with malice and constitute murder. This presumption also applies to cases of assault with intent to commit murder. *Davis v. State,* 204 Md. 44, 102 A. 2d 816. Here the defendant testified that he intended to shoot the victim in the side and did in fact shoot him in the stomach. He intended and did commit grievous bodily harm, with no attendant circumstances of justification, excuse or mitigation. If the intent was to commit grievous bodily harm and death had occurred in consequence of the attack, then the offense would have been at least murder in the second degree. It was not necessary that a specific intent to take life be shown. *Webb v. State,* 201 Md. 158, 93 A. 2d 80; and in case of death not ensuing, it would be assault with intent to commit murder."

To the same effect see *Taylor v. State,* 238 Md. 424, 209 A. 2d 595 and *Oakley v. State,* 238 Md. 48, 207 A. 2d 472.

740

Lawrence also contends that the trial judge should have believed his story rather than that of the other witnesses. There is no obligation on the trial judge to accept the defendant's version. *Spencer v. State*, 1 Md. App. 264, 229 A. 2d 151, *Tingler v. State*, 1 Md. App. 389, 230 A. 2d 375, *Dunlap v. State*, 1 Md. App. 444, 230 A. 2d 690.

Lawrence also complains that the punishment imposed was cruel and unusual. The sentences were within the statutory limits and therefore do not constitute cruel and unusual punishment. *Duff v. State*, 229 Md. 126, 182 A. 2d 349, *Morrison v. State*, 234 Md. 87, 198 A. 2d 246, *Brooks v. Warden*, 1 Md. App. 1, 226 A. 2d 354.

*Judgments affirmed.*