## JAMES LESTER WEST *v.* STATE OF MARYLAND

[No. 22, September Term, 1967.]

124

*Decided February 14, 1968.*

The cause was argued before MURPHY, C. J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Morris Lee Kaplan,* with whom was *Michael Lee Kaplan* on the brief, for appellant.

*Louis E. Schmidt, Special Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Martin B. Levinson, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The Appellant, James Lester West, was convicted of second degree murder by Judges E. McMaster Duer and William W. Travers, sitting without a jury, in the Circuit Court for Somerset County (the case having been removed from Baltimore City) and was sentenced to eighteen years imprisonment. This was his second trial, his first trial having been set aside on the basis of *Schowgurow v. State,* 240 Md. 121.

According to the record, West, at the request of Robert Freeman, the deceased, and Miss Eunice Sheperd, with whom the deceased had lived for seventeen years, drove them and their three children in his car from Baltimore to Sykesville on the morning of August 16, 1963, where they spent the day. The

adults consumed approximately eighteen bottles of beer and three pints of whiskey. According to Miss Sheperd, there were some arguments between her and the deceased on their way back to Baltimore and she also testified that when West refused to stop the car at Freeman's request, Freeman urinated in the back seat. West says he knew nothing of this until he was told about it upon their return to Baltimore. When they arrived back in Baltimore between 7:00 P.M. and 8:00 P.M., West drove them to his home and went in, ostensibly, to use the bathroom. West returned to the car, found his wife standing there talking to Freeman and Miss Sheperd, the children were let out, and the four adults drove three and one half blocks to Freeman's home. Upon arrival, everyone alighted from the car and Freeman had started in the house when West called to him and requested that he help bring in some articles from the car. According to Miss Sheperd and a Miss Johnson, who lived across the street, Freeman, upon his return to the car, was shot in the back by West as Freeman walked to the rear of the car to open the door and he was shot, again, in the chest when he whirled around. West then got into his car and drove off. Freeman was taken to a hospital and died a few hours later:

West testified that as Freeman returned to the car, he drew a knife and started after him, whereupon West shot him, first in the chest and then in the back of the shoulder in self defense. Both Miss Sheperd and Miss Johnson denied seeing Freeman draw a knife.

In this appeal, West first contends that subsequent to the decision in *Schowgurow, supra,* no valid indictment may be handed down until the Maryland Constitution has been literally amended by a "Legislative enactment or a vote of the people." This contention was raised in *Hutchinson v. State,* 1 Md. App. 362 and found by this Court to be "utterly without merit". See also *Powell v. State,* 1 Md. App. 495.

Likewise, the contention that his reindictment and retrial placed him in double jeopardy is without merit. This Court has held that where an accused had exercised his right to have an indictment under *Schowgurow* declared invalid he may be indicted and tried again since he was not placed in jeopardy when

tried on an invalid indictment. *Sadler v. State,* 1 Md. App. 383, 387.

His contention that the State failed to answer his demand that he be furnished with the minutes of the Grand Jury which returned the second indictment so that he could ascertain "whether anybody testified or not" is moot since the State produced a police officer who testified that he appeared before the Grand Jury and presented evidence against the Appellant in connection with the second indictment.

He next contends that it was error to allow the State to amend the indictment by changing the date of the crime charged from August 17, 1963 to August 16, 1963. This contention is without merit. The State was not confined in its proof to the date alleged in the indictment. *Chisley v. State,* 236 Md. 607. Moreover, it is apparent that the Appellant was not misled or prejudiced in any manner for he took the stand and explained, in his fashion, the events that took place on the date of the crime.

The Appellant's contention that the lower court erred in refusing to dismiss the indictment because the language in the indictment was defective is likewise without merit. The indictment was cast in the form prescribed by Md. Code (1967 Repl. Vol.) Art. 27, Sec. 616, which form was approved by this Court in *McFadden v. State,* 1 Md. App. 511, 516, after having been approved by the Court of Appeals of Maryland in *Wood v. State,* 191 Md. 658; *Kelley v. State,* 181 Md. 642; and *Neusbaum v. State,* 156 Md. 149.

The Appellant finally contends that the lower court's "findings were not pursuant to the weight of the evidence" and that it erred in not granting the Appellant's Motion for Judgment of Acquittal. This Court does not weigh the evidence presented to the lower court. *Dunlap v. State,* 1 Md. App. 444; *Hutchinson v. State,* 1 Md. App. 362. In reviewing the sufficiency of the evidence in a non-jury case, this Court determines whether the Court below had sufficient evidence from which it could be fairly convinced beyond a reasonable doubt of the defendant's guilt. *Hutchinson v. State,* 1 Md. App. 379; *Sadler v. State,* 1 Md. App. 383; *Dunlap v. State,* 1 Md. App. 444; *Fisher v.*

*State,* 1 Md. App. 505; *McFadden v. State,* 1 Md. App. 511; and the judgment of the lower court will not be set aside on the evidence unless clearly erroneous. Md. Rule 1086.

It is apparent from the record that there was ample evidence to support the Appellant's conviction, and, accordingly, it was not error to deny his Motion for Judgment of Acquittal.

*Judgment affirmed.*