## JACKIE WAYNE TURNER AND LEWIS CLIFFORD TURNER v. STATE OF MARYLAND

[No. 54, September Term, 1968.]

*Decided November 12, 1968.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Joseph W. Powers* for appellants.

*Thomas N. Biddison, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Linthicum, Jr., State's Attorney for Montgomery County,* and *D. Warren Donohue, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

PER CURIAM.

The appellants were jointly charged in each of three informations, nos. 8590, 8591 and 8593 with obtaining money by a false pretense and in information no. 8592 with an attempt to obtain money by a false pretense. On 22 November 1967, in the Circuit Court for Montgomery County, each of them pleaded guilty to the charge under information no. 8592. The court accepted the plea as to each, found each guilty and a *nolle prosequi* was entered as to all other charges. On 22 January 1968, after a pre-sentence investigation report was received by the court, each appellant was sentenced to the jurisdiction of the Department of Correction for a period of 8 years, the sentence to commence as of 18 May 1967.

On appeal each appellant contends (1) that the sentence of 8 years constituted cruel and unusual punishment, and (2) that the court erred by considering improper matters in determining the length of the sentences.

(1)

The imposition of sentence in a criminal case is a matter within the province of the trial judge. *Reid v. State,* 200 Md. 89, 92, cert. den. 344 U. S. 848. If the sentence is within the limits prescribed by law, it ordinarily may not be reviewed on appeal. *Lawrence v. State,* 2 Md. App. 736; *Washington v. State,* 2 Md. App. 633. An attempt to obtain money by a false pretense is a common law misdemeanor and no punishment

therefor is fixed by statute. *Fisher v. State,* 1 Md. App. 505, 510. The sentences here did not exceed the maximum authorized by law since no maximum is prescribed. *Austin v. Director,* 237 Md. 314, 317. They are not invalid unless they violate the constitutional provisions against cruel and unusual punishment. *Lynch v. State,* 2 Md. App. 546. Under such circumstances the Court of Appeals and this Court have held that sentences such as the ones here do not constitute cruel and unusual punishment and the 8 year sentence imposed on each of the appellants did not violate the constitutional proscriptions. See *Gleaton v. State,* 235 Md. 271; *Adair v. State,* 231 Md. 255; *Hobbs v. Warden,* 223 Md. 651; *Miller v. State,* 1 Md. App. 653.

### (2)

Since the imposition of sentence is a matter peculiarly within the province of the trial judge, the general rule is that he may inquire into any information pertaining to the defendant in order to give a fair sentence. *Gee v. State,* 2 Md. App. 61, 68. He may consider the defendant's entire background, including prior convictions, *Miller v. State, supra.* See *Thomas v. State,* 2 Md. App. 645. The appellants claim that the trial judge in sentencing them considered the details of the charges against them to which a *nolle prosequi* had been entered and they urge that this was improper, citing *Jones v. State,* 221 Md. 141. We discussed the subject at length in *Baker v. State,* 3 Md. App. 251. There we remanded for the limited purpose of redetermination of the sentences imposed where it was not clear from the record that the sentencing judge did not, in imposing a maximum sentence on a burglary conviction, give prime consideration to the possibility that the defendant, though neither charged nor convicted of other similar burglaries in the county of the situs of the crime for which he was convicted, was nevertheless guilty of them. We held that such consideration was impermissible and if the sentencing judge was influenced by it so that any part of the sentence was attributable to it, the defendant would have been denied due process under Amendment XIV to the Federal Constitution.

Upon accepting the pleas of guilty by the appellants, the lower court heard testimony from a detective lieutenant of the Mont-

gomery County Police who had investigated the case. It appeared from his testimony, which was received without objection, that all the offenses charged against the appellants in the four informations against them involved the same victim, Mrs. Edna Clayton, 84 years of age, and were part of the same transaction, "a termite job" on her dwelling. The three informations to which the *nolle prosequi* had been entered apparently alleged money actually obtained from her for the work, about $7800, and the information to which they pleaded guilty alleged $2800 which they attempted to obtain. A professor of entomology, at the request of the police, inspected the dwelling and found that there had been no termite control work done of any substance, that where the termites were supposedly exterminated there had been no termites and "that there were some termites in the basement * * * still there upon completion of the job." A fair price for such a job, if required, would have been $200. The court inquired of the officer as to the *modus operandi* used in convincing Mrs. Clayton that she had termites in her house. He explained that the appellants came to the house, told her they would make a free inspection for termites and upon inspection told her there were termites and that it would take treatments "to remedy the house." Groups of men came to the house on several occasions and "allegedly did termite control," obtaining in all $7800 from her. The police were alerted by an official of a building and loan association from which the money had been withdrawn, a lookout was placed, the appellants were apprehended when they returned to the house and were identified by Mrs. Clayton as two of the men who had contracted to do the job. Mrs. Clayton also testified without objection. Her testimony corroborated the substance of the police officer's testimony, and she made an in-court identification of the appellants. After hearing this testimony defense counsel was asked if he desired to submit any evidence in extenuation and mitigation and said he did not at that time but requested a pre-sentence investigation which the court agreed to order. At the sentencing each appellant was asked by the court if he had any reason why sentence should not be imposed and answered that there was not. Argument was then made by the defense and the State. Each appellant was asked by the court if he had anything per-

sonally to say before sentence was imposed. Lewis Turner said that he had never been in trouble before and that it would be a hardship on his family if he went to the penitentiary and that his wife had to borrow money to get him out on bond and pay his lawyer because he "didn't have the money." Sentence was imposed on him. Jackie Turner said that he did not get "this money in this case. I only saved $250 out of it, that's all." He admitted to a prior record for burglary and false pretenses. Sentence was imposed on him. Then the sentencing judge told the appellants: "I am giving you this sentence here for the purpose of deterring both of you from continuing to prey upon the people of Montgomery County as you did in these four cases, one for which you are standing before this court. What you people did, it was a pretty cruel unconscionable type of larceny that you committed on this elderly eighty-two year old lady * * *." No objection was made to the remarks.

It appears from his remarks that the sentencing judge considered all the evidence before him in determining the sentences, and that the evidence included the details of the offenses charged in the informations which were not tried. But we do not think that it was improper for him to do so in these circumstances. The case here is readily distinguishable from *Baker v. State, supra,* where the judge may have considered the fact that other burglaries had been committed, in no way shown to have been connected with the defendant or the offense of which he was convicted and for which he was sentenced. Here the substance of the evidence before the judge would have been relevant and material on the issue of innocence or guilt had the offense to which the appellants pleaded guilty gone to trial on the merits. It is firmly established that evidence of acts may be admitted to show motive, intent, absence of mistake or accident or a common scheme or identity, embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other. *Cole v. State,* 232 Md. 111, 120-121. See *Purviance v. State,* 185 Md. 189; *Loker v. State,* 2 Md. App. 1. We find that the sentence imposed on each of the appellants was a just one based on proper considerations and that neither of them was denied due process of law thereby.

*Judgments affirmed.*