### HENRY ROGER SMITH *v.* STATE OF MARYLAND

[No. 101, September Term, 1968.]

*Decided February 18, 1969.*

*Alan J. Karlin* for appellant.

*Bernard L. Silbert, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Peter Ward, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

The appellant, Henry Roger Smith, was convicted of assault with intent to murder and assault in the Criminal Court of Baltimore before Judge William J. O'Donnell, sitting without a jury. He was sentenced to fifteen years under the jurisdiction of the Department of Correction on each count, the sentences to run concurrently.

In this appeal the following questions are raised:

1. Whether the offense of assault merges into the greater offense of assault with intent to murder the same person.
2. Whether the evidence presented was sufficient to sustain the convictions.
3. Whether the sentence was dictated by passion, prejudice and ill will or some other unworthy motive.

At trial the victim, Edwina C. Nash, testified that she and the appellant drank heavily together on the evening of November 6, 1967. A quarrel ensued in which, the victim admitted, she may have struck the appellant first with a bottle. The appellant then seized her from behind and stabbed her with a knife

from the breast down to below her naval.[1] The appellant then shot her in the arm with a pistol. The victim, having fallen to the floor, heard the appellant say to her daughter "Now your mother is dead." She also testified that the appellant had often before said that he would kill her if she returned to her husband and that she had not taken these statements seriously.

Ricardo Wayman, a witness to the occurrences, testified that the appellant and the victim had argued about Mrs. Nash returning to her husband and that the appellant said to Mrs. Nash, "Weenie, I told you that the day you went back to your husband I was going to kill you." The appellant struck the victim first in the face with his hand, the victim returned the blow and both parties then slapped at each other. The appellant fired a pistol and the witness then observed a "slice" on Mrs. Nash's right arm. The witness said that then the victim threw a glass at appellant, and that the appellant, with the gun in one hand and a knife in the other hand, cut the victim in the stomach with the knife while he was leaning forward toward her.

At the conclusion of Mr. Wayman's testimony the State introduced the hospital records dealing with the victim's treatment following the incident. The State thereupon rested its case in chief, the appellant, without offering any evidence, rested his case, and the appellant was found guilty of both counts.

## I—MERGER OF OFFENSES

As we indicated in *Stewart v. State,* 4 Md. App. 565, 569, 244 A. 2d 452 (1968):

> "The true test of merger under the modern doctrine is whether one crime necessarily involves the other, *viz.,* when the facts necessary to prove the lesser offense are essential ingredients in establishing the

---

1. Upon this Court's review of the record, including the medical records comprising the State's exhibit, it is clear that the stab wound was in the area of the liver and was no more than 5 centimeters long, and that the incision which ran from the vicitim's breast to below her navel was the product of an operation performed shortly after the victim was admitted to the hospital. The true cause of the long incision was never clearly brought out at trial.

greater offense, the lesser offense is merged with the greater offense."

In *Thomas v. State,* 3 Md. App. 101, 238 A. 2d 558 (1968), we had occasion to consider the question of the merging of the two charges involved here. In that case the appellant was convicted of assault with intent to murder and common-law assault as the result of a shooting. We there held that the assault constituted a lesser included offense in the crime of assault with intent to murder, inasmuch as the facts necessary to prove the assault were essential ingredients of the major crime. The State concedes, and we agree, that on the facts of the instant case the count charging assault merged into the assault with intent to murder upon conviction on the latter count. We shall therefore vacate the conviction on the assault count.

## II—SUFFICIENCY OF EVIDENCE

Appellant's argument regarding the sufficiency of the evidence is that the two State's witnesses gave conflicting testimony and that the evidence presented did not show that the appellant possessed the requisite malice for conviction of assault with intent to murder. Although the two State's witnesses' testimony did conflict in several particulars, the most material of which dealt with the relative positions of victim and appellant at the time of the cutting, such variance goes only to the weight of the evidence, *Johnson v. State,* 4 Md. App. 648, 664, 244 A. 2d 632 (1968). This Court does not weigh the evidence presented to the trial court. *West v. State,* 3 Md. App. 123, 127, 238 A. 2d 292 (1968).

With respect to the contention regarding malice, it is meet to note that a specific intent to kill is not a necessary element for a conviction of assault with intent to murder; an intent to commit grievous bodily harm is sufficient. Harding v. State, 5 Md. App. 230, 247, 246 A. 2d 302 (1968).

This Court has cited with approval the statement that "the inference of malice may be drawn from the fact of the use of a deadly weapon directed at a vital part of the body." *McFadden v. State,* 2 Md. App. 725, 728, 237 A. 2d 93 (1968) ; *Lawrence v. State,* 2 Md. App. 736, 739, 237 A. 2d 81 (1968). There was undisputed evidence that the appellant did direct a deadly

weapon, the knife, at a vital part of the victim's body. In addition, there was evidence that the appellant had said that if Mrs. Nash returned to her husband, he (appellant) would kill her, and that after the stabbing had occurred the appellant said "Now your mother is dead." Thus there was evidence from which the fact-finder could properly conclude that there was an intent to murder or to commit grievous bodily harm.

This Court cannot reverse a judgment of the lower court unless it is shown that there was no legally sufficient evidence, or proper inferences therefrom, from which that court could find the accused guilty beyond a reasonable doubt. *Morris v. State,* 4 Md. App. 328, 333, 242 A. 2d 582 (1968). Such prerequisite showing was not established in this case and we cannot say that the judgment of the lower court was clearly erroneous. Maryland Rule 1086; *Lawrence v. State, supra, McFadden v. State, supra.*

### III—IMPOSITION OF SENTENCE

The Court of Appeals, in *James v. State,* 242 Md. 424, 430, 219 A. 2d 17 (1966), stated that the narrow instance in which a sentence will be reviewed on direct appeal is

> "* * * where the punishment is grossly and inordinately disproportionate to the offense to such an extent that the sentence is evidently dictated not by a sense of public duty, but by passion, prejudice, ill-will or any other unworthy motive . . ."

This Court has followed that general rule, *e.g., Lockard v. State,* 3 Md. App. 580, 240 A. 2d 312 (1968) ; *Gee v. State,* 2 Md. App. 61, 233 A. 2d 336 (1968), and has engrafted but one additional exception, dealing with sentences in violation of due process of law, onto it. See *Baker v. State,* 3 Md. App. 251, 238 A. 2d 561 (1968) ; *Turner v. State,* 5 Md. App. 332, 247 A. 2d 412 (1968).

In the instant case the trial court, after finding the appellant guilty of the offenses charged, received his prior criminal record in open court before sentencing him. The court made several remarks during the reading of his record of prior convictions. Immediately before sentencing, the court said,

> "This is one of the worst cutting cases this Court

has ever seen, and this man has one of the worst records I have ever seen for assault cases and cutting cases and deadly weapon cases, and it seems like he thinks that any woman who takes up with him and lives with him, he is entitled to maltreat and stab or cut. Well, I am going to take him out of circulation, and his love life is going to be broken up for a good while."

The appellant was then sentenced as noted at the outset of this opinion. We are of the opinion that neither the remarks adverted to above nor those quoted directly above are in any degree sufficient to show passion or any other unworthy motive affecting the sentence. The sentence clearly is not "grossly or inordinately disproportionate to the offense," *James v. State, supra,* as it is within the limit permitted by statute. Md. Code, Art. 27, § 12 (1967 Repl. Vol.). The fact that the actual extent of the victim's wound was something less than that brought out at trial was not raised on this appeal as a ground for review of the sentence and, indeed, would provide no adequate basis for relief had it been raised, since the sentence was within the statutory limit and was not imposed in violation of due process of law nor because of an unworthy motive of the trial court.

> *Judgment affirmed as to first count (assault with intent to murder); judgment as to second count (assault) vacated as merging into the first count.*