## THEODORE RUSSELL LOGAN *v.* STATE OF MARYLAND

[No. 678, September Term, 1979.]

*Decided February 13, 1980.*

The cause was argued before THOMPSON, COUCH and MACDANIEL, JJ.

*Michael R. Malloy, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Michael A. Anselmi, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, Arthur A. Marshall, Jr., State's Attorney for Prince George's County,* and *William T. Shockley, Assistant State's Attorney for Prince George's County,* on the brief, for appellee.

COUCH, J., delivered the opinion of the Court.

The appellant, Theodore Russell Logan, was charged with daytime housebreaking and larceny and was found guilty of these charges by a jury in the Circuit Court for Prince George's County. He was sentenced to eight years incarceration for the housebreaking conviction and a consecutive eighteen months sentence on the larceny conviction. By this appeal appellant presents three questions as follows:

"1. Did the trial court err by admitting a self-incriminating statement obtained from Appellant in violation of Maryland District Rule 723?

2. Did the trial court err by denying Appellant's motion for a mistrial?

3. Did the trial court err, at sentencing, by considering allegations of other crimes committed by Appellant, which evidence resulted from illegal activities by police?"

In view of the particular issues raised here, only a brief resume of the factual background is necessary. Pertinent facts will be supplied in our discussion of each issue.

Two residents of an apartment in Adelphi, Maryland left it on November 15, 1978 after double locking the front door and the patio sliding glass door. Upon their return they discovered that one of the front door locks was unlocked and the door closed; the patio door was still secured. An inspection of the apartment revealed a television set and a stereo set had been removed.

A warrant for appellant's arrest was obtained by the police after a witness stated he had seen appellant leaving the apartment house around the time the theft must have occurred, and a juvenile, who had been arrested for the same offense, stated that appellant was involved. Appellant, upon learning of the warrant, surrendered himself to the police. Appellant's admissions to the police following his arrest, one event at trial, and a complaint about sentencing form the basis for this appeal.

### (1)

The Maryland District Rules (723 a) [1] provide:

"a. After Arrest.

A defendant who is detained pursuant to an arrest shall be taken before a judicial officer without

---

1. This version of M.D.R. 723 a was amended, effective July 1, 1979, and now reads:

"a. After arrest.

A defendant who is detained pursuant to an arrest shall be taken before a judicial officer without unnecessary delay and in no event later than 24 hours after arrest. A charging document shall be filed promptly after arrest if not already filed."

> unnecessary delay and in no event later than the earlier of (1) 24 hours after arrest or (2) the first session of court after the defendant's arrest upon a warrant or, where an arrest has been made without a warrant, the first session of court after the charging document is filed. A charging document shall be filed promptly after arrest if not already filed."

Appellant claims this rule was violated because he was not taken before a judicial officer for some eight hours after his arrest and thus the court erred in not suppressing an inculpatory statement he gave to the police during this "delay". The appellee argues, and we agree, that regardless of any error that might otherwise have been present in this regard, appellant cannot complain because he voluntarily waived his 723 a right to a prompt presentment before a judicial officer.

The record amply demonstrates that in conjunction with appellant's waiver, in writing, of his several *Miranda*[2] rights, he affirmatively waived his 723 a right. Immediately following appellant's arrest he was read a "Waiver of Rights Form" which included a waiver of each right under M.D.R. 723 a. He initialed the particular section pertaining to the waiver of prompt presentment and answered "yes", in writing, on the line after the following question, "Do you waive your right to an immediate initial appearance and agree to delay the appearance until the completion of this interview?" He also indicated that he understood the rights which were explained to him. It is therefore apparent that the appellant knowingly and intelligently waived his right to a prompt presentment under M.D.R. 723 a and may not now complain of a loss of that right. *See Johnson v. State,* 282 Md. 314, 332, 384 A.2d 709 (1978); *State v. McKay,* 280 Md. 558, 572-74, 375 A.2d 228 (1977).

---

2. Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

## (2)

The question of whether the trial court erred by denying appellant's motion for a mistrial arose because the trial judge agreed to allow the jury to determine if there had been compliance with M.D.R. 723 a.[3] Appellee, having been told the jury would be allowed to determine whether M.D.R. 723 a had been violated, desired to produce testimony to explain the delay in presenting appellant to a judicial officer. Appellee was allowed, over objection, to show that the investigating officers were investigating some sixty breaking and entering cases and asked appellant about his possible involvement. There was no testimony given with reference to any other offenses, only the bald statement that appellant was questioned about his possible involvement. The record reveals that on each occasion when a reference was made to the other breaking and entering investigations, the trial judge explained to the jury his reason for allowing this testimony, *i.e.,* for the limited purpose of explaining the time delay in presenting appellant to a judicial officer, and cautioned them not to consider any other possible offenses in determining appellant's guilt or innocence of the breaking and entering for which he was being tried. These admonitions were restated in the trial judge's instructions. We are persuaded that if there was error, it was harmless beyond a reasonable doubt. *See Dorsey v. State,* 276 Md. 638, 659, 350 A.2d 665 (1976).

## (3)

Appellant finally argues that the trial judge erred when, at the sentencing of appellant, he considered information supplied by appellee that appellant had confessed to other housebreakings after his arrest. He argues that these confessions were the result of an illegal search and thus were tainted since they were the fruit of a poisonous tree and therefore subject to the exclusionary rule. *See Wong Sun v. United States,* 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441

---

3. While the propriety of this procedure is not before us, we hasten to add that we believe the matter was for the court to determine, not the jury.

(1963). Appellee concedes that the confessions were tainted and thus could not have been used at trial, but argues that this does not prevent their use at sentencing.

It appears that this precise question has never been considered by an appellate court in Maryland, although several closely related questions have been decided. *See Henry v. State,* 273 Md. 131, 328 A.2d 293 (1974); *Purnell v. State,* 241 Md. 582, 217 A.2d 298 (1966); *Walker v. State,* 186 Md. 440, 47 A.2d 47 (1946); *Baker v. State,* 3 Md. App. 251, 238 A.2d 561. In *Turner v. State,* 5 Md. App. 332, 334, 247 A.2d 412 (1968), we stated, in part:

> "Since the imposition of sentence is a matter peculiarly within the province of the trial judge, the general rule is that he may inquire into any information pertaining to the defendant in order to give a fair sentence. *Gee v. State,* 2 Md. App. 61, 68. He may consider the defendant's entire background, including prior convictions. *Miller v. State, supra. See Thomas v. State,* 2 Md. App. 645."

Appellant does not contest this concept but confines his argument to urging us to extend the exclusionary rule to the sentencing phase of a criminal trial.

In *United States v. Lee,* 540 F.2d 1205 (1976), *cert. denied,* 429 U.S. 894, the precise question was before the U. S. Court of Appeals for the Fourth Circuit. It stated, in part:

> "Most illegally-obtained evidence, however, is not inherently unreliable; it is excluded at trial on the theory that exclusion will deter the making of illegal searches. In order to decide whether illegally-obtained information must be kept from the eyes of the court, we must therefore evaluate the degree of deterrence which might be promoted by exclusion of such evidence at sentencing and weigh that degree of deterrence against the concomitant limitation of the right of the sentencing judge to impose sentence in the light of all relevant facts.

*United States v. Calandra, supra,* 414 U.S. at 349, 94 S. Ct. 613.

We think that if the exclusionary rule were extended to sentencing in the ordinary case, its additional deterrent effect would be so minimal as to be insignificant. Generally, law enforcement officers conduct searches and seize evidence for purposes of prosecution and conviction — not for the purpose of increasing a sentence in a prosecution already pending or one not yet begun. If they are to be deterred from official lawlessness, it would seem obvious that the only effective deterrence is the threat that the prosecution arising out of the specific search and seizure in which they acted illegally would be rendered ineffective. The additional threat that a future sentence might be less severe because they acted unlawfully can be predicted to have little practical effect to accomplish its main objective."

We concur with this reasoning and adopt it here. Applying these considerations, we conclude that the record supports the view that the inculpatory statements of appellant were obtained by the State for the purposes of prosecution, not for the enhancement of sentence. The suppression of the confessions at trial constitutes a sufficient deterrent against further illegal activity by the police. Under the present circumstances, we conclude that the trial judge did not err in using appellant's confessions in considering sentence.

*Judgments affirmed.*
*Appellant to pay costs.*